Hazel MOSZEE, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 42336.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Rehearing Denied Feb. 4, 1970.

Evans, Marshall, Graham & Ribak, by C. David Evans, Rose Spector, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Preston H. Dial, Jr., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is murder; the punishment, twelve years.

The appellant contends that the evidence is insufficient to show murder with malice.

The undisputed evidence reveals that the appellant shot the deceased with a pistol which caused his death.

The evidence of the state reveals that the deceased's father and mother and the appellant's brother had been at a tavern for some time. The appellant came to

the tavern after work that day. In response to a telephone call from his mother, the deceased went to the tavern for his father. After an argument and a fight between the deceased and appellant's brother and when the deceased was helping his intoxicated father as they were leaving the tavern, the appellant shot the deceased with a pistol, and then while standing "right over" him as he lay on the floor, she shot him twice more. During the shooting, the deceased had nothing in his hand.

The appellant testified that when she went to stop the fight between the deceased and her brother, the deceased hit her and knocked her down and after she got up, he told her, "I am going to kill you, bitch"; and when the deceased kept coming toward her with a beer bottle in his hand as she was backing up, she shot him because she was scared and to protect herself.

The state and the appellant both called several witnesses in support of their respective theories.

The court charged the jury upon murder with and without malice and upon the law of real and apparent danger in submitting self-defense and the defense of another, her brother, to the jury. The court also charged upon appellant's right to continue to shoot so long as it appeared to her that the danger had not passed.

The jury resolved the issues of fact against the appellant and it is concluded that the evidence is sufficient to support the conviction for murder with malice.

The appellant complains of three separate portions of the prosecutor's argument to the jury.

To the first there was no objection when it was made and it does not appear to be of such a nature as to call for a reversal.

The second portion complained of was a general plea for law enforcement and reveals no error.

 To the third argument, the appellant announced, "I object to this type of argument." The court made no ruling on the objection, but without request instructed the jury to disregard the remarks of the state's attorney and to follow the court's charge. Next, the appellant moved for a mistrial because such argument was prejudicial, and the motion was refused. The argument of the prosecuting attorney as a whole including the statement, "You are bound to know my feelings in this regard," and which continued with a plea for law enforcement in the community does not reveal reversible error.

These grounds of error are overruled.

The judgment is affirmed.